# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TASHE RADEVSKI,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0087** (BOR Appeal No. 2047493)
                            (Claim No. 2010118938)

**BOB ROBINSON CHEVROLET OLDS CADILLAC, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tashe Radevski, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bob Robinson Chevrolet Olds Cadillac, Inc., by Maureen Kowalski, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 18, 2012, in which the Board affirmed a July 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 28, 2011, decision, which granted Mr. Radevski a 0% permanent partial disability award for his left elbow. The Office of Judges granted Mr. Radevski a 2% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Radevski worked for Bob Robinson Chevrolet Olds Cadillac, Inc., as a car salesman. On December 29, 2009, Mr. Radevski injured his left elbow when he slipped on a patch of ice. He was treated at Wheeling Hospital Emergency Room and diagnosed with an avulsion of the triceps muscle and fracture of the elbow. The claim was held compensable, and Mr. Radevski underwent an open reduction and internal fixation surgery of the elbow fracture. Following a course of treatment, Mark E. Baratz, M.D., evaluated Mr. Radevski and determined that he had

1

good strength and full range of motion of the elbow. Dr. Baratz found that Mr. Radevski had no residual impairment related to his elbow injury. A month later, Dr. Baratz issued a letter clarifying that his evaluation was based on the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and that Mr. Radevski had 0% whole person impairment for his left elbow injury. On March 28, 2011, the claims administrator granted Mr. Radevski a 0% permanent partial disability award for his left elbow based on Dr. Baratz's recommendation. Following this decision, Bruce A. Guberman, M.D., also evaluated Mr. Radevski. Dr. Guberman determined that Mr. Radevski had 3% upper extremity impairment for loss of range of motion in his elbow and 10% upper extremity impairment for loss of strength. Dr. Guberman combined these upper extremity impairment ratings and converted them to an 8% whole person impairment rating under the American Medical Association's *Guides*. On July 19, 2012, the Office of Judges reversed the claims administrator's decision and granted Mr. Radevski a 2% permanent partial disability award. The Board of Review affirmed the claims administrator's decision on December 18, 2012, leading Mr. Radevski to appeal.

The Office of Judges concluded that Mr. Radevski had 2% whole person impairment for his left elbow injury and was entitled to a 2% permanent partial disability award related to the compensable injury. The Office of Judges reached this conclusion based on Dr. Guberman's 3% upper extremity impairment rating for loss of range of motion. The Office of Judges found that this part of Dr. Guberman's evaluation was reliable and equated to 2% whole person impairment under Section 3, Table 3 of the American Medical Association's *Guides*. The Office of Judges did not adopt Dr. Guberman's 10% upper extremity impairment recommendation for loss of strength because it found that Dr. Guberman did not adequately demonstrate that Mr. Radevski's injury represented a rare case where an additional impairment percentage for loss of strength was justified. The Office of Judges also considered the evaluation of Dr. Baratz, but it did not rely on his opinion because his report did not comply with the American Medical Association's *Guides*. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Mr. Radevski argues that he is entitled to a total of an 8% permanent partial disability award related to his left elbow injury based on Dr. Guberman's calculation of his range of motion deficits and loss of strength.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Radevski has not demonstrated that he is entitled to any greater than a 2% permanent partial disability award related to his left elbow injury. Dr. Guberman's evaluation shows that Mr. Radevski has 2% whole person impairment for loss of range of motion in his left elbow. However, Dr. Guberman did not properly support his impairment recommendation related to Mr. Radevski's loss of strength. The Office of Judges was within its discretion in granting Mr. Radevski a 2% permanent partial disability award, and its Order is consistent with the record as a whole.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 20, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum